```
1   LAW OFFICES OF DEBORAH L. RAYMOND
    Deborah L. Raymond, SBN 173528
2   445 Marine View Avenue, Suite 305
    Del Mar, CA 92075
3   (858) 481-9559
    draymond@lawinfo.com
4

5   Attorney For Plaintiff, L RAY LOCKE
```



            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L RAY LOCKE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRAUNER, COHEN & THOMAS, L.L.P., an entity of unknown form; JEFFREY BUFFORD, an individual; MS. "JANE DOE" BUTLER, an individual; and DOES 1-10, inclusive,<br><br>Defendant(s). | Case No.<br><br>**'08 CV 1165 J RBB**<br><br>COMPLAINT FOR DAMAGES BASED UPON VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT; THE CALIFORNIA ROSENTHAL ACT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND **DEMAND FOR JURY TRIAL**<br><br>[15 U.S.C. §§1692 et seq.; Cal. Civ. Code §§1788 et seq ] |

Plaintiff, L RAY LOCKE ("Plaintiff" or "Locke") complains as follows against defendants TRAUNER, COHEN & THOMAS, LLP ("TCT"), JEFFREY BUFFORD ("Bufford"), and MS. "JANE DOE" BUTLER ("Butler") (collectively referred to as "Defendants") :

### INTRODUCTION

1. This Complaint is filed under the Fair Debt Collection Practices Act, 15 U.S.C.



§§1692 et seq. (hereinafter called "FDCPA") and the California Rosenthal Act, Cal. Civ. Code §§1788 et seq. pursuant to defendants use of abusive, deceptive, and unfair debt collection practices. **Plaintiff demands a jury trial.**

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. Section 1692k(d) and 28 U.S.C. Sections 1331, 1337, and under the doctrine of pendant jurisdiction as set forth in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff is a natural person, and at all times mentioned in this complaint was a resident of the County of San Diego, in the Southern District of California.

4. Plaintiff is informed and believes, and thereon alleges that defendant TCT is an entity of unknown form conducting business in the county of San Diego, State of California. Plaintiff is further informed and believes, and thereon alleges that TCT is engaged in the business of collecting consumer debts and regularly collects consumer debts. TCT is accordingly a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692A(6).

5. Plaintiff is informed and believes, and thereon alleges that defendant BUFFORD is an individual conducting business in the county of San Diego, State of California. Plaintiff is further informed and believes, and thereon alleges that BUFFORD is engaged in the business of collecting consumer debts and regularly collects consumer debts. BUFFORD is accordingly a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692A(6) and as defined in the Rosenthal Act, Cal. Civil Code §1788.2.

6. Plaintiff is informed and believes, and thereon alleges that defendant BUTLER is an individual conducting business in the county of San Diego, State of California. Plaintiff is further

informed and believes, and thereon alleges that BUTLER is engaged in the business of collecting consumer debts and regularly collects consumer debts. BUTLER is accordingly a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692A(6) and as defined in the Rosenthal Act, Cal. Civil Code §1788.2.

7. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitiously named defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the true names and capacities of each said fictitiously named defendant has been ascertained, Plaintiff will seek leave to amend this complaint and all proceedings herein to set forth the same.

8. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants were the officers, directors, agents, assignees, assignors or employees of each of their co-defendants and that in doing the things alleged in this complaint were acting within the course and scope of such capacity, with the full knowledge and consent of their co-defendants, and each of them.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Prior to July 2007, Plaintiff was designated an authorized user on a Bank of America account (the "account") with his step father, Clarence A. Thompson. In early 2007, the account became delinquent.

10. On or about July 2, 2007, Plaintiff received a telephone message from defendant Bufford stating that Plaintiff owed money and demanding that Plaintiff call back.

11. On or about July 6, 2007, defendant Butler left a message on Plaintiff's work voice mail to call her back. Plaintiff did not know who Bufford or Butler were, so he did not call them back

1 right away.

2   12. On July 16, 2007, defendant Butler telephoned Plaintiff at work and immediately
3 asked Plaintiff, "what are you gong to do about the debt you owe to Bank of America." Plaintiff told
4 defendant Butler that he was at work in a meeting and couldn't talk, and he would call her back.
5 Defendant Butler continued to tell Plaintiff that it was important and that Plaintiff was leaving her
6 with no choice but to give the account to the attorneys. Plaintiff, again, told defendant Butler that he
7 could not talk and he would call her back. After Plaintiff's work meeting, Plaintiff called defendant
8 Butler back at TCT. Defendant Butler told Plaintiff that he had to pay $11,000.00 to the Bank of
9 America account. Plaintiff told defendant Butler that he could not pay $11,000.00; however, after
10 further demands and threats from defendant Butler, Plaintiff stated that he would pay $10,000.00.
11 Then, defendant Butler demanded Plaintiff's bank information. Plaintiff did not want to give
12 defendant Butler his bank information because he was going to send a check; however, defendant
13 Butler insisted and Plaintiff gave her the information.
14
15   13. On July 17, 2007, defendant Butler called Plaintiff's cell phone and told Plaintiff
16 that Bank of America wouldn't go for the $10,000.00 payment and that they wanted $16,000.00 now.
17 Plaintiff was very upset and confused, but after further demand and threats, Plaintiff stated that he
18 could give $13,000.00. Defendant Butler told him "no" and stated that he had to pay at least
19 $14,000.00. Not knowing what to do, Plaintiff said okay to $14,000.00.
20
21   14. After thinking about defendant Butler's excessive demands, on July 19, 2007,
22 Plaintiff faxed and mailed a dispute letter, demanded verification, and informed defendant Butler that
23 she nor anyone on her behalf was authorized to withdraw funds from Plaintiff's bank account.
24 Plaintiff's dispute letter was received by TCT on July 20, 2007. A copy of Plaintiff's disputed letter
25 is herein attached and incorporated by reference as Exhibit "A".
26

15. On July 20, 2007, defendant Butler left messages on Plaintiff's home phone voicemail, Plaintiff's cell phone voicemail, and Plaintiff's work phone voicemail.

16. On July 23, 2007, defendant Butler left messages on Plaintiff's work voicemail and cell phone voicemail. Additionally, on July 23, 2007, Plaintiff received the first and only letter from TCT, which was dated July 09, 2007 with no postmark.

17. On July 24, 2007, defendant Butler left a message on Plaintiff's work phone voicemail. Then, at approximately 7:45 p.m., defendant Butler call Plaintiff's 74 year old mother and told her that Plaintiff's check bounced on insufficient funds and that Plaintiff's mother's house would be taken if $14,000.00 was not paid. Plaintiff's mother telephoned Plaintiff, and was crying, upset, and angry at Plaintiff. Plaintiff's brother was also called by TCT and asked how to get a hold of Plaintiff. When Plaintiff's brother asked what the call was about, he was told that Plaintiff owed money. Plaintiff's brother refused to provide any information.

18. On July 25, 2007 at approximately 10:10 a.m., defendant Bufford called and told Plaintiff's mother that it was an important matter and the bill needed to be taken care of. On July 25, 2007, defendant Butler also call and left a message on Plaintiff's home voicemail.

19. On July 28, 2007, defendant Butler called Plaintiff's home number.

20. On July 30, 2007, defendants made calls to Plaintiff's work and cell phones. Again, Plaintiff's brother received a call from TCT requesting how to get a hold of Plaintiff. Plaintiff's brother told the caller that they could not keep calling him. The caller told him, "We are attorneys, we can do anything."

21. On July 30, 2007 at approximately 6:40 p.m., defendant Butler again called Plaintiff's mother and told her that Plaintiff was ripping off $20,000.00 and wrote a $14,000.00 bounced check. Defendant Butler tried to get Plaintiff's mother to pay and threatened Plaintiff's

mother that she would be responsible for the account and the bounced check. Again, Plaintiff's mother called Plaintiff, and was very upset and frightened, which in turn upset and frightened Plaintiff.

22. On or about August 22, 2007, a second dispute letter and demand for verification was sent through Plaintiff's counsel, by fax and mail to TCT. A copy of the letter dated August 22, 2007 to TCT is herein attached and incorporated by reference as Exhibit "B".

23. Even though TCT received both Plaintiff's dispute letters and demands for verification, TCT continued to call, demand payment, and harass Plaintiff in an attempt to collect the debt without providing verification.

24. Defendants' collection practices and actions have seriously compromised Plaintiff's relationship with his family and caused Plaintiff to suffer severe emotional distress, including but not limited to loss of appetite, frustration, fear, anger, helplessness, humiliation, anxiety, sleeplessness, worry, sadness, and depression.

**FIRST CAUSE OF ACTION FOR
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
(As to All Defendants)
(15 U.S.C. §§1692 et seq.)

25. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 24 above with the same force and effect as if herein set forth.

26. Defendants violated the **Fair Debt Collection Practices Act,** including but not limited to the following sections:

26.1. Section 1692b: Defendants communicated with third parties on more than one occasion and falsely stated that Plaintiff owed a debt;

26.2. Section 1692c: Defendants, knowing that Plaintiff was represented by an attorney, continued to communicate with Plaintiff in an attempt to collect a debt;

26.3. Section 1692c: Defendants, in connection with the collection of a debt,

communicated with third parties without prior consent from Plaintiff;

26.4. section 1692c: Defendants communicated with Plaintiff at his work at a time that Defendants know or should have known to be inconvenient to Plaintiff;

26.5. Section 1692d: Defendants engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

26.6. Section 1692d: Defendants engaged in causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

26.7. Section 1692e: Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt;

26.8. Section 1692e(2): Defendants used false representations of the character, amount, or legal status of the debt;

26.9. Section 1692e(10): Defendants used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff;

26.10. Section 1692f: Defendants used unfair or unconscionable means to collect or attempt to collect a debt;

26.11. Section 1692f(1): Defendants attempted to collect amounts not permitted by law or contract;

26.12. Section 1692g: Defendants failed to provide a validation or dispute notice; and

26.13. Section 1692g: Defendants failed to validate the debt and continued their collection efforts.

27. As a direct and proximate result of defendants' violations, Plaintiff suffered actual damages, including, but not limited to severe emotional distress, in an amount to be established by

proof at trial (for the purpose of a default judgment, Plaintiff's damages for emotional distress are not less than $50,000.00), and is entitled to actual damages, an award of statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. §1692k.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (As to Defendants JEFFREY BUFFORD and MS. "JANE DOE" BUTLER ONLY)
### (Cal. Civ. Code §§1788 et seq.)

28. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 27 above with the same force and effect as if herein set forth.

29. Defendants violated the **Rosenthal Act**, including but not limited to the following sections:

29.1. Section 1788.11(d): Defendants caused a telephone to ring repeatedly or continuously to annoy the person called;

29.2. Section 1788.11(e): Defendants communicated by telephone with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

29.3. Section 1788.13(e): Defendants falsely represented that the debt may be increased by the addition of fees or charges that may not be legally added to the existing obligation;

29.4. Section 1788.14(c): Defendants, after being notified in writing that Plaintiff was represented by an attorney and all communications were to go to the attorney, continued to communicate with Plaintiff in an attempt to collect a debt ; and

29.5. Section 1788.17: Defendants violated provisions of Title 15 of the United States Code sections 1692 et seq.

30. As a direct and proximate result of Defendants' violations, Plaintiff suffered actual damages, including, but not limited to emotional distress, in an amount to be established by proof at

Locke v. Trauner, Cohen & Thomas L.L.P. et al.
Case No.

8

COMPLAINT

trial (for the purpose of a default judgment, Plaintiff's damages for emotional distress are not less than $50,000.00), and Plaintiff is entitled to an award of actual damages, costs, and attorney's fees pursuant to Cal. Civ. Code §1788.30. In addition, Defendants willfully and knowingly violated the Rosenthal Act which entitles Plaintiff to penalty of not less than $100 and not more than $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

### THIRD CAUSE OF ACTION FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to All Defendants)

31. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 30 above with the same force and effect as if herein set forth.

32. Defendants' conduct was outrageous, intentional, and malicious, and done with reckless disregard of the fact that it would certainly cause Plaintiff to suffer severe emotional distress.

33. As a proximate result of the acts of Defendants, Plaintiff suffered severe emotional distress in the form of loss of sleep, loss of appetite, anger, fear, nervousness, humiliation, anxiety, worry, and stress, all to Plaintiff's damage in an amount which will be proven at trial (for the purpose of a default judgment, Plaintiff's damages for emotional distress are not less than $50,000.00).

34. Plaintiff is informed and believes, and thereon alleges that the acts of Defendants were malicious in that they were intended to cause injury to Plaintiff. Plaintiff is further informed and believes, and thereon alleges that such conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff and for no purpose other than to oppress Plaintiff and to subject him to cruel and unjust hardship in conscious disregard of Plaintiff's rights, all of which entitles Plaintiff to punitive damages in an amount to be established at trial.

////

**WHEREFORE,** Plaintiff Prays for a judgment against Defendants as follows:

### AS TO THE FIRST CAUSE OF ACTION ONLY

1) Statutory Damages of $1,000.00 per violation of the Fair Debt Collection Practices Act;

2) Attorney's fees pursuant to statute;

### AS TO THE SECOND CAUSE OF ACTION ONLY

3) Statutory Damages of $1,000.00 per violation of the Rosenthal Act;

4) Attorney's fees pursuant to statute;

### AS TO THE THIRD CAUSE OF ACTION ONLY

5) Punitive Damages;

### AS TO ALL CAUSES OF ACTION

6) Actual Damages according to proof at trial (for the purpose of a default judgment, not less than $50,000.00);

7) Cost of Suit; and

8) Such Other Relief As The Court May Order.

Date: 06/30/08

Respectfully submitted,
Law Offices of Deborah L. Raymond

By: *Deborah L. Raymond*
Deborah L. Raymond, Esq.
Attorney For Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Date: 06/30/08

Respectfully submitted,<br>
Law Offices of Deborah L. Raymond<br>
<br>
By: *Deborah L. Raymond* (signature)<br>
Deborah L. Raymond, Esq.<br>
Attorney For Plaintiff

Locke v. Trauner, Cohen & Thomas L.L.P. et al.
Case No.

11

COMPLAINT

July 19, 2007

L-Ray Locke
7908 Rancho Fanita Dr. Spc. 7
Santee, CA 92071-3453


Trauner, Cohen & Thomas
5901-C Peachtree/Dunwoody Road, Suite 500
Atlanta, GA 30328

Dear Ms. Butler,

You called me several times, at work and on July 16, 2007 and July 17, 2007 you took banking information from me. I do not authorize you or anyone else associated with your office to withdrawal any funds from my account.

I am disputing this debt and request that you provide me with the name of the creditor; the amount of the debt; verification or copy of any judgment (if applicable); and any and all documents that you claim I am responsible for what-so-ever.

Please do call me anymore as I am not allowed to receive personal calls at work.


*L-Ray Locke* (signature)

L-Ray Locke

EXHIBIT "A"

# FAX

| TO: | Trauner, Cohen & Thomas | FROM: | L-Ray Locke |
|---|---|---|---|
| FAX: | 9-1-678-547-3915 | FAX: | |
| PHONE: | 1-888-698-1793 X1617 | PHONE: | |
| SUBJECT: | Dispute of debt and verification | DATE: | July 19, 2007 |
| NO. OF PAGES: | Including this fax cover sheet: 2 | | |
| ATTENTION: | Ms. Lakeisha Butler | | |
| COMMENTS: | Ms. Butler, | | |

This fax is being transmitted to inform you that I am disputing the debt you referenced in our phone conversation Monday, July 16, 2007.

Case number: 2461141010

Thank you,



L-Ray Locke

13                                                        EXHIBIT "A"



14

EXHIBIT "A"

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED JUN 30 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY**

**I (a) PLAINTIFFS**

L RAY LOCKE

**DEFENDANTS**

TRAUNER, COHEN & THOMAS, L.L.P.; JEFFREY BUFFORD; MS. "JANE DOE" BUTLER; and DOES 1-10, inclusive,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** — San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Law Offices of Deborah L. Raymond
380 Stevens Avenue, Suite 205
Solana Beach, CA 92075
Tel# (858) 481-9669

**ATTORNEYS (IF KNOWN)**

**08 CV 1165 J RBB**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY). Violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. sections 1692 et seq., unlawful collection practices

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 810 Selective Service |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions FDCPA |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $ not less than $50,000    Check YES only if demanded in complaint:    JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE n/a    Docket Number n/a

DATE 06/30/08    SIGNATURE OF ATTORNEY OF RECORD

#152438    $350

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

TAC @ 7/1/08

ORIGINAL